NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SHANESHA SHAINE TAYLOR, *Petitioner*.

No. 1 CA-CR 16-0424 PRPC
FILED 11-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2014-113297-001
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Law Office of Julia Cassels, PLLC, Phoenix
By Julia B. Cassels
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Randall M. Howe and Judge Kent E. Cattani joined.

**B E E N E**, Judge:

¶1        Shanesha Shaine Taylor ("Taylor") petitions for review from the dismissal of her petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        The State charged Taylor with two counts of child abuse, class 3 felonies and domestic violence offenses.  The charges stemmed from an incident where Taylor left two of her young children unattended in her car when she interviewed for a job.  Taylor explained to police that she was "homeless and did not have anyone to babysit her children."  Apparently Taylor's explanation was relayed to the public through the media and, as a result, Taylor received over $114,000 in donations "due to her situation in needing to take care of [her] three children."[1]  Taylor then retained BT as defense counsel.

¶3        On the State's motion, the superior court suspended prosecution "for a period of time" to allow Taylor to complete parenting classes and substance abuse counseling and treatment.  Taylor also agreed to establish two trusts for the benefit of her children: an education trust in the amount of $30,000 ($10,000 for each child) and a child care trust also in the amount of $30,000 to pay child care expenses for all three children.  Taylor created the trusts but did not fund them despite the State's agreement to lower the total amount required to $40,000.  Accordingly, the State reinstated the prosecution.  The court set the matter for trial and BT withdrew from representing Taylor.  Soon thereafter, court-appointed counsel, VL, filed her notice of appearance.

¶4        Four months after new counsel first appeared, Taylor pled guilty to one amended count of child abuse, a class 6 felony and domestic violence offense.  The court suspended sentence and placed Taylor on 18

---

[1]        One of Taylor's children was not in the vehicle at the time of the incident.

years' supervised probation. Subsequently, Taylor sought post-conviction relief, arguing BT provided ineffective assistance of counsel ("IAC"). Specifically, Taylor argued BT violated various ethical rules by (1) improperly soliciting her as a client; (2) violating the attorney/client privilege; (3) improperly "try[ing] the case in the media"; (4) attempting to acquire money Taylor collected through a "fundraiser"; (5) failing to conduct a reasonable investigation, file substantive pleadings, respond to the State's pleadings, and failing to advise Taylor "of the ramifications of her conduct"; and (6) failing to adequately communicate with Taylor. According to Taylor, the cumulative effect of BT's purported ineffectiveness resulted in the State's withdrawal of the deferred prosecution. The court summarily denied relief, and this timely petition for review followed. We review for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

**¶5**        On review, Taylor argues the superior court erred in dismissing her IAC claims that were based on (1) "media exposure"; (2) withdrawal of the deferred prosecution agreement; (3) BT's purported failure to conduct a reasonable investigation, file substantive pleadings, respond to the State's pleadings, and to adequately communicate with Taylor; and (4) "the cumulative effect of these failures[.]"

**¶6**        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *State v. Nash*, 143 Ariz. 392, 397-98 (1985) (adopting the *Strickland* test).

**¶7**        The court did not abuse its discretion in dismissing Taylor's claims because Taylor cannot establish prejudice resulting from BT's representation of her. First, BT was not Taylor's counsel when the plea negotiations took place that resulted in Taylor's change of plea. Second, and most importantly, BT was able to procure a deferred prosecution agreement that would have resulted in dismissal of the charges had Taylor funded the trusts as she agreed to do. Taylor's assertion that BT somehow caused the State to withdraw the deferred prosecution agreement is without merit. The record reflects that Taylor was well aware of the agreement's terms and that the State would resume prosecution in the event she failed to abide by those terms. It was not BT's representation of Taylor, but Taylor's intentional decision not to fund the trusts, that resulted in revival of the prosecution. Thus, regardless of the quality of BT's

representation, Taylor cannot on this record show that BT's conduct caused prejudice. [2]

¶8        Thus, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]     We do not decide whether BT's conduct violated ethical rules applicable to an attorney's representation of a client.